## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————
                                                    )
**STUART MILLS DAVENPORT**              )
**1700 1st Street NW**                        )
**Washington, D.C. 20001**                  )          **Civil Action No. 16-02445-ABJ**
**and**                                            )
**BIG BEAR CAFÉ, LLC**                      )
**1700 1st Street NW**                        )
**Washington, D.C. 20001**                  )
                                                    )
            **PLAINTIFFS**                       )
                                                    )
**v.**                                              )
                                                    )
**BABAK DJOURABCHI**                      )
**and**                                            )
**MONICA WELT**                              )
                                                    )
            **DEFENDANTS.**                    )
———————————————————————)

### DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED
### COMPLAINT, AND AFFIRMATIVE DEFENSES

Defendants, Babak Djourabchi and Monica Welt (collectively, the "Defendants"), by and

through undersigned counsel, hereby answer the First Amended Complaint filed by Stuart Mills

Davenport and Big Bear Café, LLC (collectively, the "Plaintiffs") on February 23, 2017 [Dkt. No.

9] (the "Complaint"), as follows:

### Introductory Statement

The first unnumbered paragraph of the Introduction contains legal conclusions to which no

response is required and none is given.  To the extent any further response is required, Defendants

deny the allegations in the Introductory Statement.

## PARTIES[1]

1.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of the Complaint, and on that basis deny the same.

2.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 of the Complaint, and on that basis deny the same.

3.      Defendants admit the allegations contained in paragraph 3 of the Complaint.

4.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4 of the Complaint regarding the residence of Plaintiffs, and on that basis deny the same, but admit the remaining allegations contained in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      The allegations in paragraph 5 of the Complaint are conclusions of law to which no responsive pleading is required.

6.      The allegations in paragraph 6 of the Complaint are conclusions of law to which no responsive pleading is required.

## FACTS

### Relationship of Parties

7.      Defendants deny the allegations contained in paragraph 7 of the Complaint.

8.      Defendants admit, that upon information and belief, that Davenport owns a 2-story building at 1700 1st Street NW, Washington DC 20001.

9.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9 of the Complaint, and on that basis deny the same.

---

[1] The headings contained in this Answer are those that appear in the Complaint.  To the extent the headings can be construed as allegations, Defendants' deny those allegations.

10.     Defendants admit that, upon information and belief, Davenport operates Plaintiff Big Bear Café, LLC; Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in paragraph 10, and on that basis deny the same.

11.     Defendants admit the allegations contained in paragraph 11 of the Complaint.

12.     Defendants admit that they were both licensed and practicing attorneys up and until December 2012, but deny the remainder of the allegations in paragraph 12 of the Complaint as to Defendant Babak Djourabchi, who is in retired status.

13.     Defendants admit that at a certain point in time they were neighbors of Davenport, but deny the remainder of the allegations contained in paragraph 13 of the Complaint.

**<u>Original Loan</u>**

14.     Defendants admit that they loaned Davenport $80,000 pursuant to the Promissory Note for Business and Commercial Purposes.  Defendants otherwise deny the allegations contained in Paragraph 14 to the extent they comprise Plaintiffs' characterization of the Promissory Note and respectfully refer the Court to the Promissory Note for its full content and terms.

15.     The allegations in paragraph 15 of the Complaint are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 of the Complaint, and on that basis deny the same.

16.     Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.     The allegations in paragraph 18 of the Complaint are conclusions of law to which no responsive pleading is required.  Defendants otherwise deny the allegations contained in

Paragraph 18 to the extent they comprise Plaintiffs' characterization of the Promissory Note and respectfully refer the Court to the Promissory Note for its full content and terms.

19.     The allegations in paragraph 19 of the Complaint are conclusions of law to which no responsive pleading is required.  Defendants otherwise deny the allegations contained in Paragraph 19 to the extent they comprise Plaintiffs' characterization of the Promissory Note and respectfully refer the Court to the Promissory Note for its full content and terms.

20.     The allegations in paragraph 20 of the Complaint are conclusions of law to which no responsive pleading is required.  Defendants otherwise deny the allegations contained in Paragraph 20 to the extent they comprise Plaintiffs' characterization of the Promissory Note and respectfully refer the Court to the Promissory Note for its full content and terms.

21.     Defendants admit that the Promissory Note is secured by a Deed of Trust on the Property.  Defendants otherwise deny the allegations contained in Paragraph 21 of the Complaint to the extent they comprise Plaintiffs' characterization of the Deed of Trust and respectfully refer the Court to the Deed of Trust for its full content and terms.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.     With respect to paragraph 25, Defendants respectfully refer the Court to the Promissory Note for its full content and terms.

26.     With respect to paragraph 26, Defendants respectfully refer the Court to the Promissory Note for its full content and terms.

27.     With respect to paragraph 27, Defendants respectfully refer the Court to the Promissory Note for its full content and terms.

28.     Defendants deny the allegations contained in paragraph 28 of the Complaint.

**Davenport Immediately Begins Pre-Paying the Monthly Payments**

29.    Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.    Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.    Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.    The allegations in paragraph 32 of the Complaint are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in paragraph 32.

33.    The allegations in paragraph 33 of the Complaint are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in paragraph 33.

**Defendants Misrepresent the Status of the Note and Intimidate Davenport**

34.    Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.    The allegations in paragraph 35 of the Complaint are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in paragraph 35.

36.    Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.    The allegations in paragraph 37 of the Complaint are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in paragraph 37.

38.    Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.    The allegations in paragraph 39 of the Complaint are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in paragraph 39.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint, including all bulleted subparts.

41.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 41 of the Complaint as to Davenport's state of mind, and on that basis deny the same.  Defendants deny the remainder of the allegations contained in paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 43 of the Complaint as to Davenport's state of mind, and on that basis deny the same.  Defendants deny the remainder of the allegations contained in paragraph 43 of the Complaint.

44.     The allegations in paragraph 44 of the Complaint are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in paragraph 44.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 46 of the Complaint as to Davenport's state of mind, and on that basis deny the same.  Defendants deny the remainder of the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint, including Plaintiffs' characterization of the September 18, 2008 email.

48.     Defendants admit that Davenport's May payment had not yet posted and Defendants reminded Davenport of the payment, but otherwise Defendants deny the allegations

contained in paragraph 48 of the Complaint, including Plaintiffs' characterization of the May 6, 2009 email.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint, including Plaintiffs' characterization of Exhibit 11.

50.     Defendants admit to meeting Davenport on June 7, 2009 at a coffee shop, but otherwise deny the allegations and characterizations contained in paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint, including Plaintiffs' characterization of the August 18, 2009 email.

53.     The allegations in paragraph 53 of the Complaint are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in paragraph 53.

**Davenport Seeks Bankruptcy Protection and Defendants Swear He Is Not In Arrears**

54.     Defendants admit the allegations contained in paragraph 54 of the Complaint and state that Davenport's Chapter 13 bankruptcy petition speaks for itself.

55.     The allegations in paragraph 55 of the Complaint are conclusions of law to which no responsive pleading is required.

56.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 56 of the Complaint as the reference to "filings' is ambiguous.  Defendants respectfully refer the Court to the "filings" in Davenport's bankruptcy case, which speak for themselves.

57.     Defendants deny that they repeatedly represented to Davenport that the Promissory Note was current.  To the extent the remainder of the allegations in paragraph 57 are legal conclusions, no responsive pleading is required.  Otherwise, Defendants lack knowledge or

information sufficient to form a belief about the truth of the remainder of the allegations contained in paragraph 57, and on that basis deny the same.

58.     Defendants admit that they filed a Proof of Claim on October 19, 2009, but deny Plaintiffs' characterization and summary of the Proof of Claim, and respectfully refer the Court to the Proof of Claim.

59.     Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.     Defendants admit the allegations contained in paragraph 60 of the Complaint.

61.     Defendants admit that Davenport filed a Third Amended Plan in his First Bankruptcy Case.  Defendants respectfully refer the Court to Davenport's Third Amended Plan for its full content and terms.

62.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 62 of the Complaint, and on that basis deny the same.

63.     Defendants admit that the Bankruptcy Court approved the Plan referenced in paragraph 63 of the Complaint.  The remainder of paragraph 63 is a conclusion of law to which no responsive pleading is required.

64.     Defendants admit that they did not file a formal objection to the Plan referenced in paragraph 64 of the Complaint because Defendants were not included in the Plan, and that the Bankruptcy Court confirmed that Plan.

65.     To the extent paragraph 65 contains conclusions of law, no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.     Defendants admit that they did not file a motion seeking relief from the automatic stay in Davenport's First Bankruptcy Case, but otherwise deny the allegations contained in Paragraph 66.

**Defendants Again Swear Davenport Is Not In Arrears**

67.      Defendants admit that they filed an Amended Proof of Claim in the Claims Register in Davenport's first bankruptcy case.  Defendants otherwise deny the allegations contained in paragraph 67, including to the extent they comprise Plaintiffs' characterization of the Amended Proof of Claim and his first bankruptcy case.

68.      Defendants admit that the Amended Proof of Claim filed in the Claims Register in Davenport's first bankruptcy case was signed by Aronson as counsel for the Defendants, but deny the remainder of the allegations in Paragraph 68.

69.      To the extent paragraph 69 contains conclusions of law, no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 69 of the Complaint.

**Defendants Flip Their Position, Doctor the Record, and Attack Davenport**

70.      Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.      Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.      Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.      Defendants admit transmitting a letter to Davenport dated November 17, 2014. Defendants otherwise deny the allegations in paragraph 73 to the extent they comprise Plaintiffs' characterization of the November 17, 2014 letter and respectfully refer the Court to the November 17, 2014 Letter.

74.      Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 75 of the Complaint, and on that basis deny the same.

76.      Defendants admit that on March 12, 2015, Davenport filed the Application referenced in paragraph 76 of the Complaint.  Defendants otherwise deny the allegations in

paragraph 76 to the extent they comprise Plaintiffs' characterization of the Application and respectfully refer the Court to the Application for its full content and terms.

77.     Defendants admit that they filed an Opposition to the Application, but lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in paragraph 76 of the Complaint, and on that basis deny the same.

78.     Defendants deny the allegations in paragraph 78 to the extent they comprise Plaintiffs' characterization of the Opposition to the Application and respectfully refer the Court to the Opposition to the Application.

79.     Defendants deny the allegations in paragraph 79 to the extent they comprise Plaintiffs' characterization of the Opposition to the Application and respectfully refer the Court to the Opposition to the Application.

80.     Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.     Defendants admit the allegations contained in paragraph 81 of the Complaint.

82.     Defendants admit that Mr. Aronson sent an email to Davenport's counsel on June 30, 2015. Defendants otherwise deny the allegations in paragraph 82 of the Complaint to the extent they comprise Plaintiffs' characterization of the June 30, 2015 email and respectfully refer the Court to the June 30, 2015 email.

83.     To the extent paragraph 83 contains conclusions of law, no responsive pleading is required.   To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 83 of the Complaint.

84.     Defendants admit that Davenport filed a Revised Motion to Determine Final Cure and Payment.  Defendants lack knowledge or information sufficient to form a belief about the truth as to Davenport's reason for filing the Revised Motion to Determine Final Cure and Payment. Defendants otherwise deny the allegations in paragraph 84 of the Complaint to the extent they

comprise Plaintiffs' characterization of the Revised Motion to Determine Final Cure and Payment and respectfully refer the Court to the Revised Motion to Determine Final Cure and Payment for its full content and terms.

85.     Defendants admit that they filed an opposition to Davenport's Revised Motion to Determine Final Cure and Payment.  Defendants otherwise deny the allegations in paragraph 85 of the Complaint to the extent they comprise Plaintiffs' characterization of their opposition and respectfully refer the Court to the opposition.

86.     Defendants admit that they attached an excel spreadsheet to their opposition. Defendants otherwise deny the allegations in paragraph 86 of the Complaint to the extent they comprise Plaintiffs' characterization of the excel spreadsheet and respectfully refer the Court to that excel spreadsheet.

87.     Defendants deny the allegations contained in paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in paragraph 88 of the Complaint.

89.     Defendants admit the allegations contained in paragraph 89 of the Complaint.

**Defendants Attempt to Foreclose on the Property**

90.     Defendants deny the allegations contained in paragraph 90 of the Complaint, except that Defendants admit taking some action in connection with instituting a foreclosure on the Property, with such foreclosure never actually occurring.

91.     Defendants admit the allegations contained in paragraph 91 of the Complaint.

92.     Defendants admit that Mr. Aronson was appointed as Trustee on the Deed of Trust. Any discussions between Defendants and Mr. Aronson are subject to the attorney-client privilege and/or work product doctrine.

93.     Defendants admit that Mr. Aronson recorded a Notice of Foreclosure Sale of Real Property or Condominium Unit. Defendants otherwise deny the allegations in paragraph 93 of the

Complaint to the extent they comprise Plaintiffs' characterization of the Notice of Foreclosure Sale of Real Property or Condominium Unit and respectfully refer the Court to the Notice of Foreclosure Sale of Real Property or Condominium Unit for its full content and terms.

94.     With respect to paragraph 94, Defendants respectfully refer the Court to the Notice of Foreclosure Sale of Real Property or Condominium Unit for its full content and terms.

95.     To the extent paragraph 95 contains conclusions of law, no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 95 of the Complaint.

96.     Defendants admit that Mr. Aronson forwarded a copy of the Foreclosure Notice to Davenport, but lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in paragraph 96 of the Complaint.

97.     With respect to paragraph 97, Defendants respectfully refer the Court to the Notice of Foreclosure Sale of Real Property or Condominium Unit for its full content and terms.

98.     To the extent paragraph 98 contains conclusions of law, no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 98 of the Complaint.

99.     To the extent paragraph 99 contains conclusions of law, no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 99 of the Complaint.

**The Wrongful Foreclosure Proceedings Directly Harm Davenport's Restaurant, Big Bear**

100.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 100 of the Complaint, and on that basis deny the same.

101.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 101 of the Complaint, and on that basis deny the same.

102.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 102 of the Complaint, and on that basis deny the same.

103.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 103 of the Complaint, and on that basis deny the same.

**To Avoid the Wrongful Foreclosure, Davenport Must Again Declare Bankruptcy**

104.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 104 of the Complaint, and on that basis deny the same.

105.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 105 of the Complaint, and on that basis deny the same.

106.     Defendants admit the allegations contained in paragraph 106 of the Complaint and state that Davenport's second Chapter 13 bankruptcy petition speaks for itself.

107.     The allegations in paragraph 107 of the Complaint are conclusions of law to which no responsive pleading is required.

**Defendants Continue to Harass Davenport, Directly Harming Big Bear**

108.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 108 of the Complaint, and on that basis deny the same.

109.     Defendants deny the allegations contained in paragraph 109 of the Complaint.

110.     Defendants deny the allegations contained in paragraph 110 of the Complaint.

111.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 111 of the Complaint, and on that basis deny the same.

112.     Defendants deny the allegations contained in paragraph 112 of the Complaint.

113.     Defendants deny the allegations contained in paragraph 113 of the Complaint.

114.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 114 of the Complaint, and on that basis deny the same.

115.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 115 of the Complaint, and on that basis deny the same.

116.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 116 of the Complaint, and on that basis deny the same.

117.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 117 of the Complaint, including all bulleted subparts, and on that basis deny the same.

118.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 118 of the Complaint, and on that basis deny the same.

119.    Defendants deny the allegations contained in paragraph 119 of the Complaint.

## The Bankruptcy Court Vindicates Davenport

120.    Defendants admit that they filed a Proof of Claim in Davenport's second Chapter 13 bankruptcy case.  Defendants otherwise deny the allegations in paragraph 120 to the extent they comprise Plaintiffs' characterization of the Proof of Claim and respectfully refer the Court to the Proof of Claim and any related filings.

121.    Defendants admit that Davenport objected to their Proof of Claim in Davenport's second Chapter 13 bankruptcy case. Defendants otherwise deny the allegations in paragraph 121 to the extent they comprise Plaintiffs' characterization of Davenport's objection and respectfully refer the Court to that objection.

122.    Defendants admit the allegations contained in paragraph 122 of the Complaint.

123.    Defendants admit that the Bankruptcy Court issued a Memorandum Decision. Defendants otherwise deny the allegations in paragraph 123 of the Complaint to the extent they comprise Plaintiffs' characterization of the Memorandum Decision and respectfully refer the Court to the Memorandum Decision.

124.     Defendants admit that they did not appeal the Memorandum Decision.   The remainder of the allegations in paragraph 124 are conclusions of law to which no responsive pleading is required.

125.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 125 of the Complaint, and on that basis deny the same.

### Davenport and Big Bear's Attempts to Expand Have Been Stymied by Defendants

126.     Defendants deny the allegations contained in paragraph 126 of the Complaint.

127.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 127 of the Complaint, and on that basis deny the same.

128.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 128 of the Complaint, and on that basis deny the same.

129.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 129 of the Complaint, and on that basis deny the same.

130.     To the extent paragraph 130 contains conclusions of law, no responsive pleading is required.   To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 130 of the Complaint.

131.     Defendants deny the allegations contained in paragraph 131 of the Complaint.

132.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 132 of the Complaint, and on that basis deny the same.

133.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 133 of the Complaint, and on that basis deny the same.

## COUNT I
### Negligent and/or Intentional Misrepresentation Culminating in
### Attempted Wrongful Foreclosure (Davenport)

134.    The Court has dismissed Plaintiffs' claim for negligent and/or intentional misrepresentation culminating in attempted wrongful foreclosure.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 134 of the Complaint.

135.    The Court has dismissed Plaintiffs' claim for negligent and/or intentional misrepresentation culminating in attempted wrongful foreclosure.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 135 of the Complaint.

136.    The Court has dismissed Plaintiffs' claim for negligent and/or intentional misrepresentation culminating in attempted wrongful foreclosure.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 136 of the Complaint.

137.    The Court has dismissed Plaintiffs' claim for negligent and/or intentional misrepresentation culminating in attempted wrongful foreclosure.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 137 of the Complaint.

138.    The Court has dismissed Plaintiffs' claim for negligent and/or intentional misrepresentation culminating in attempted wrongful foreclosure.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 138 of the Complaint.

139.    The Court has dismissed Plaintiffs' claim for negligent and/or intentional misrepresentation culminating in attempted wrongful foreclosure.  Therefore, no response is

required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 139 of the Complaint.

140.    The Court has dismissed Plaintiffs' claim for negligent and/or intentional misrepresentation culminating in attempted wrongful foreclosure.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 140 of the Complaint.

141.    The Court has dismissed Plaintiffs' claim for negligent and/or intentional misrepresentation culminating in attempted wrongful foreclosure.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 141 of the Complaint.

142.    The Court has dismissed Plaintiffs' claim for negligent and/or intentional misrepresentation culminating in attempted wrongful foreclosure.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 142 of the Complaint.

143.    The Court has dismissed Plaintiffs' claim for negligent and/or intentional misrepresentation culminating in attempted wrongful foreclosure.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 143 of the Complaint.

144.    The Court has dismissed Plaintiffs' claim for negligent and/or intentional misrepresentation culminating in attempted wrongful foreclosure.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 144 of the Complaint.

145.    The Court has dismissed Plaintiffs' claim for negligent and/or intentional misrepresentation culminating in attempted wrongful foreclosure.  Therefore, no response is

required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 145 of the Complaint.

146.    The Court has dismissed Plaintiffs' claim for negligent and/or intentional misrepresentation culminating in attempted wrongful foreclosure.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 146 of the Complaint.

147.    The Court has dismissed Plaintiffs' claim for negligent and/or intentional misrepresentation culminating in attempted wrongful foreclosure.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 147 of the Complaint.

## COUNT II
### Breach of Contract (Davenport)

148.    Defendants repeats and realleges its responses to paragraphs 1 through 133 of the Complaint.

149.    Defendants admit that they entered into the Note with Davenport.  Defendants were beneficiaries to, but not signatories of, the Deed of Trust, and therefore deny the remaining allegations of paragraph 149.

150.    The allegations in paragraph 150 of the Complaint are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in paragraph 150 of the Complaint.

151.    The allegations in paragraph 151 of the Complaint are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in paragraph 151 of the Complaint.

152.    The allegations in paragraph 152 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in paragraph 152 of the Complaint.

153.    The allegations in paragraph 153 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in paragraph 153 of the Complaint.

154.    The allegations in paragraph 154 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in paragraph 154 of the Complaint.

155.    The allegations in paragraph 155 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in paragraph 155 of the Complaint.

156.    The allegations in paragraph 156 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in paragraph 156 of the Complaint.

157.    The allegations in paragraph 157 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in paragraph 157 of the Complaint.

## COUNT III
### Violation of D.C. Code Secs. 28-3301, *et. seq.* (Davenport & Big Bear)

158.    Defendants repeats and realleges its responses to paragraphs 1 through 133 of the Complaint.

159.    Defendants deny the allegations contained in paragraph 159 of the Complaint as to Davenport.  The Court has dismissed Plaintiffs' claim for Violation of D.C. Code Secs. 28-3301, *et. Seq. as to Big Bear*.  Therefore, no response is required as to Big Bear.  To the extent a response

is required, Defendants deny the allegations contained in paragraph 159 of the Complaint as to Big Bear.

160.    The allegations in paragraph 160 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is required as to Davenport, Defendants deny the allegations in paragraph 160 of the Complaint.  The Court has dismissed Plaintiffs' claim for Violation of D.C. Code Secs. 28-3301, *et. Seq. as to Big Bear.*  Therefore, no response is required as to Big Bear.  To the extent a response is required, Defendants deny the allegations contained in paragraph 160 of the Complaint as to Big Bear.

161.    The allegations in paragraph 161 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is required as to Davenport, Defendants deny the allegations in paragraph 161 of the Complaint.  The Court has dismissed Plaintiffs' claim for Violation of D.C. Code Secs. 28-3301, *et. Seq. as to Big Bear.*  Therefore, no response is required as to Big Bear.  To the extent a response is required, Defendants deny the allegations contained in paragraph 161 of the Complaint as to Big Bear.

162.    The allegations in paragraph 162 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is required as to Davenport, Defendants deny the allegations in paragraph 162 of the Complaint.  The Court has dismissed Plaintiffs' claim for Violation of D.C. Code Secs. 28-3301, *et. Seq. as to Big Bear.*  Therefore, no response is required as to Big Bear.  To the extent a response is required, Defendants deny the allegations contained in paragraph 162 of the Complaint as to Big Bear.

163.    The allegations in paragraph 163 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is required as to Davenport, Defendants deny the allegations in paragraph 163 of the Complaint.  The Court has dismissed Plaintiffs' claim for Violation of D.C. Code Secs. 28-3301, *et. Seq. as to Big Bear.*  Therefore, no

response is required as to Big Bear.  To the extent a response is required, Defendants deny the allegations contained in paragraph 163 of the Complaint as to Big Bear.

## COUNT IV
### Unlawful Trade Practices in Violation of D.C. Code Secs. 28-3901, *et. seq.* (Davenport)

164.    Defendants repeats and realleges its responses to paragraphs 1 through 133 of the Complaint.

165.    The Court has dismissed Plaintiffs' claim for Unlawful Trade Practices in Violation of D.C. Code Secs. 28-3901, *et. seq.*  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 165 of the Complaint.

166.    The Court has dismissed Plaintiffs' claim for Unlawful Trade Practices in Violation of D.C. Code Secs. 28-3901, *et. seq.*  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 166 of the Complaint.

## COUNT V
### Tortious Interference With Business Relationship (Davenport)

167.    Defendants repeats and realleges its responses to paragraphs 1 through 133 of the Complaint.

168.    The Court has dismissed Plaintiffs' claim for Tortious Interference with Business Relationship.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 168 of the Complaint.

169.    The Court has dismissed Plaintiffs' claim for Tortious Interference with Business Relationship.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 169 of the Complaint.

170.    The Court has dismissed Plaintiffs' claim for Tortious Interference with Business Relationship.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 170 of the Complaint.

171.    The Court has dismissed Plaintiffs' claim for Tortious Interference with Business Relationship.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 171 of the Complaint.

172.    The Court has dismissed Plaintiffs' claim for Tortious Interference with Business Relationship.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 172 of the Complaint.

173.    The Court has dismissed Plaintiffs' claim for Tortious Interference with Business Relationship.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 173 of the Complaint.

174.    The Court has dismissed Plaintiffs' claim for Tortious Interference with Business Relationship.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 174 of the Complaint.

175.    The Court has dismissed Plaintiffs' claim for Tortious Interference with Business Relationship.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 175 of the Complaint.

176.    The Court has dismissed Plaintiffs' claim for Tortious Interference with Business Relationship.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 176 of the Complaint.

177.    The Court has dismissed Plaintiffs' claim for Tortious Interference with Business Relationship.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 177 of the Complaint.

## <u>COUNT VI</u>
### Tortious Interference With Business Relationship (Big Bear)

178.    Defendants repeats and realleges its responses to paragraphs 1 through 133 of the Complaint.

179.    The Court has dismissed Plaintiffs' claim for Tortious Interference with Business Relationship.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 179 of the Complaint.

180.    The Court has dismissed Plaintiffs' claim for Tortious Interference with Business Relationship.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations the allegations contained in paragraph 180 of the Complaint.

181.    The Court has dismissed Plaintiffs' claim for Tortious Interference with Business Relationship.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations the allegations contained in paragraph 181 of the Complaint.

182.    The Court has dismissed Plaintiffs' claim for Tortious Interference with Business Relationship.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations the allegations contained in paragraph 182 of the Complaint.

183.    The Court has dismissed Plaintiffs' claim for Tortious Interference with Business Relationship.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations the allegations contained in paragraph 183 of the Complaint.

184.    The Court has dismissed Plaintiffs' claim for Tortious Interference with Business Relationship.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations the allegations contained in paragraph 184 of the Complaint.

185.    The Court has dismissed Plaintiffs' claim for Tortious Interference with Business Relationship.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations the allegations contained in paragraph 185 of the Complaint.

186.    The Court has dismissed Plaintiffs' claim for Tortious Interference with Business Relationship.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations the allegations contained in paragraph 186 of the Complaint.

187.     The Court has dismissed Plaintiffs' claim for Tortious Interference with Business Relationship.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations the allegations contained in paragraph 187 of the Complaint.

188.     The Court has dismissed Plaintiffs' claim for Tortious Interference with Business Relationship.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations the allegations contained in paragraph 188 of the Complaint.

## COUNT VII
### Breach of Contract (Big Bear)

189.     Defendants repeats and realleges its responses to paragraphs 1 through 133 of the Complaint.

190.     The allegations in paragraph 190 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in paragraph 190 of the Complaint.

191.     The allegations in paragraph 191 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in paragraph 191 of the Complaint.

192.     The allegations in paragraph 192 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in paragraph 192 of the Complaint.

193.     The allegations in paragraph 193 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in paragraph 193 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses.  Defendants reserve the right to amend or supplement this Answer and/or the Affirmative Defenses as may be warranted by

information developed through subsequent discovery and/or case development. Defendants reserve the right to amend or supplement this Answer to include a counterclaim for amounts due under the Promissory Note and Deed of Trust where such claim is currently the subject of proceedings before the Bankruptcy Court.

By alleging the defenses set forth below, Defendants neither agree nor concede that they have the burden of proof or the burden of persuasion on such issues. To the extent that a court of competent jurisdiction determines that the assertion or enforcement of any Affirmative Defense (or, to the extent an Affirmative Defense is deemed as such, any counterclaim) would require Defendants to seek relief from the automatic stay under 11 U.S.C. § 362, such relief from stay is hereby requested. Further, to the extent that any Affirmative Defense may also be properly asserted as a counterclaim, Defendants reserve their right to amend this Answer to assert any such Affirmative Defense as a counterclaim.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted for, *inter alia*, the reasons stated in Dkt. Nos. 8 and 11.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, and/or acquiescence based upon Plaintiffs' conduct during the relevant time period.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches where, *inter alia*, Plaintiffs waited to assert the claims in the Complaint until after the proceedings in Plaintiff Davenport's second Chapter 13 bankruptcy case.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable three-year statute of limitation.  *See* Dkt. Nos. 8 and 11.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata based upon the proceedings occurring in Plaintiff Davenport's second Chapter 13 bankruptcy case.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no cognizable injury or actual damage, Plaintiffs' purported damages are not recoverable under applicable legal principles, and/or Plaintiffs' purported damages are nonexistent, speculative, remote, were not the foreseeable result of Defendants' alleged conduct, and/or are impossible to prove.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands, including Davenport's representations to the Bankruptcy Court and/or in his bankruptcy cases.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' failure to mitigate, minimize, or avoid any losses allegedly sustained.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to consequential damages and/or attorneys' fees or other costs.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of set off and/or recoupment where Plaintiff Davenport owes Defendants monies under the Promissory Note and

Deed of Trust, including attorneys' fees.  Defendants reserve the right to assert a counterclaim for amounts due under the Promissory Note and Deed of Trust.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under Section 28-3312 of the D.C. Code are barred, in whole or in part, because the relevant statutory provisions do not apply to the transaction between Davenport and Defendants; there has been no violation of that statuary provision; and/or Plaintiffs have not suffered any cognizable damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for the reasons stated in Defendants' Motion to Dismiss, *see* Dkt. Nos. 8 and 11.

Dated: May 28, 2019

/s/ *Richard M. Goldberg*
Richard M. Goldberg, DC Bar No. 435487
Anastasia L. McCusker (admitted *pro hac vice*)
SHAPIRO SHER GUINOT & SANDLER
250 W. Pratt St., Suite 2000
Baltimore, Maryland 21201
(410) 385-0202
rmg@shapirosher.com
alm@shapirosher.com

*Attorneys for Defendants Babak Djourabchi
and Monica Welt*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 28th day of May, 2019, copies of the foregoing were served on the parties listed below by first-class mail, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

Michael Tucci, Esquire
Brandon R. Nagy, Esquire
STINSON LLP
1775 Pennsylvania Avenue, NW, Suite 800
Washington, DC  20006

*Attorneys for Plaintiffs*

/s/ *Richard M. Goldberg*
Richard M. Goldberg